UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY L. NEWMAN, III, | Case No. 1:20-cv-01118-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIM |
| v. | |
| CDCR, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Jimmy L. Newman, III, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

1

**Discussion**

A petitioner in state custody proceeding with a petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity and gives the state court the initial opportunity to correct its alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Here, petitioner presents one claim for relief: that his prison is wrongfully withholding his earned custody credits, causing a delay in his release. ECF No. 1 at 3. Petitioner states that he has not sought any state-level review of his claim. *Id*. at 5-6. Accordingly, it appears that petitioner has failed to exhaust his claim, and we recommend that his petition be summarily dismissed. If petitioner has presented his claim to the appropriate state courts, he should provide proof of these filings to the court in his objections to these findings and recommendations.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a District Court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the

petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the petition be dismissed, ECF No. 1, and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   August 21, 2020                     _____
                                             UNITED STATES MAGISTRATE JUDGE

No. 206.

3